Casteel v. Casteel.

CASTEEL v. CASTEEL.

| 38 | 477 |
|----|-----|
| 58 | 135 |
| 38 | 477 |
| 72 | 187 |
| 38 | 477 |
| f80 | 583 |
| 81 | 140 |
| 38 | 477 |
| 83 | .425 |
| .83 | 426 |

1. PRACTICE IN CHANCERY: *Divorce: Ad-interim alimony.*
   Courts of Chancery have jurisdiction to order the husband to pay *ad-interim* alimony to his wife to enable her to prosecute her suit for divorce, and to enforce it by all or any of the means by which courts usually compel obedience—whether by execution or other orders, or by proceedings as for contempt; and if he be the plaintiff, and his wife's answer a cross complaint, his complaint may be dismissed for disobedience to the order, and the cross-complaint prosecuted to final decree. An appeal from an order for *ad-interim* alimony may be taken immediately.

2. PRACTICE IN SUPREME COURT: *Bill of exceptions in Chancery causes.*
   Though a decree for divorce appear shocking from the depositions in the transcript, it will not be reversed if it appear from the record that oral testimony was heard which does not appear in the transcript by bill of exceptions or by being reduced to writing and filed in the cause. It will be presumed that the oral testimony justified the decree.

3. CHANCERY PRACTICE: *Appeals:*
   An appeal in Chancery brings up every paper properly filed in the cause. They all, under our present system, become parts of the record.

4. DIVORCE: *Alimony not to be made a lien: How enforced.*
   Alimony should not be declared a lien upon the husband's lands. Its payment may be secured by sequestration or by exacting sureties from him.

---

Casteel v. Casteel.

---

5. ALIMONY: *Continuance of: Relief from, on wife's marriage.*
   Though no definite time be fixed for the continuance of alimony, it will
   cease at the death of either party, and upon the marriage of the wif :
   the husband may apply to th : court to be released from further pay-
   ment.

APPEAL from *St. Francis* Circuit Court in Chancery.
Hon. J. N. CYPERT, Circuit Judge.

*Dunn & Howes*, for appellant:

1.    The order allowing alimony *pendente lite* was erron-
eously made.    *Counts* v. *Counts*, 30 *Ark.*, 73; *Kock* v.
*Kock*, 42 *Barb.*, 515; *Rhame* v. *Rhame*, 1 *McCord, ch,*
197.

2.    The power of the court to enforce its orders as to
maintenance, as in cases of contempt did not authorize it to
dismiss the complaint of appellant without hearing.    *Phil-
lips* v. *Welch*, 11 *Nevada*, 187; 22 *Ark.*, 499; *Gantt's Dig.*,
sec. 818 *et seq.*, 820; *Freeman on Judgments, sec.* 137; *Gal-
land* v. *Galland*, 44 *Cal.*, 475; *In Re Chiles*, 22 *Wal.* 157.

3.    The order of the court directing the cause to proceed
*ex parte* was a denial of justice, *coram non judice*, and void.
*Windsor* v. *McVeigh*, 93 *U. S.* (3 *Otto*,) 278; *Townsend*
v. *Clifton*, *M. S. Mch.* 12, 1881; *Freeman on Judgments,*
*sec.* 118.

*J. M. Rose*, for appellee.

1.    The court properly dismissed appellants complaint.
*Gantt's Digest, sec.* 2202.    It was discretionary with the
court to use any reasonable means to compel compliance
with its orders.

2.    The order of the court to proceed, *ex parte*, simply
meant that appellant having failed to plead to the cross bill,
that the appellee be allowed to prove her case.    *Sec.* 2200,

Casteel v. Casteel.

*Gantt's Digest*, forbids a decree *pro confesso*, and the order was proper.

3. The evidence not having been brought on the record by bill of exceptions or otherwise, this court will presume that there was sufficient to sustain the decree.

EAKIN, J.   This is a bill by a husband for a divorce. The wife answered and filed a cross complaint, seeking a divorce, alimony and the custody of the children; all of which was granted.   The case comes here on the husband's appeal.

He does not urge it as any error, which he desires this court to correct, that the alimony is made payable for an indefinite time, or that it is made a lien upon the lands and other property constituting his estate.   Nor does he urge any error in the finding of the facts upon which the decree in favor of the cross complaint was based.   The cause was heard upon oral testimony, and it is conceded that without a bill of exceptions the findings cannot be questioned.

He contends, however, that the court erred, first, in making the order for an allowance to be paid the wife *ad interim* to enable her to pay attorneys fees, and other expenses of the suit.   He might have appealed immediately from that order, but he did not, and as it was only temporary, it becomes unimportant now, being superceded by the final decree.   We deem it proper to add, however, that such orders are always in the sound discretion of the court, and there dose not appear to have been an abuse of it.

1. DIVORCE APPEAL: From order for *ad interim* alimony.

The principal objection is made to the dismissal of the complaint, because of the failure to pay in the alimony. The order was made on the seventeenth of April, 1880. Both parties were present by their attorneys.   He was ordered to pay defendant, or her agent, $100, within ninety days; and it was decreed that, upon default, execution

2. PRACTICE IN CHANCERY: DIVORCE: *Ad interim* alimony.

should issue, and that such other proceedings might be had as might be necessary to enforce the order, and "that said plaintiff have no further prosecution of this, his suit, until he shall have paid said $100."

Six months afterwards, or nearly, at a subsequent term of the court, when the cause was called, the complainant did not appear. The cross-complainant thereupon demanded a hearing, which was granted. The court found that complainant had made default as to the payment of the $100, and it was ordered that the complaint be dismissed.

The court had jurisdiction to make the order, and to enforce it by all or any of the means by which courts usually compel obedience, whether by execution, or by other orders, or by proceedings as in case of contempt. (See *Gantt's Digest*, 2202 *and* 2205.) It is not unusual to make compliance with an order a condition upon which a party may be allowed to proceed with his suit. It is the usual mode, for instance, by which bonds for costs are compelled, where necessary. The principle applies generally. Courts of Chancery, especially, may entertain bills or refuse relief according to the disposition of the party to do equity by compliance with such proper terms as it may lawfully impose. It would soon bring the courts into contempt, if complainants disobeying the orders of the court, and setting them at defiance, could still insist that the court must retain their bills for relief, to be rendered when they might choose to come in and comply with the terms. The court did not err in dismissing the complaint. It would have been more orderly, and better, to have first made a rule on complainant to show cause why the suit should not be dismissed, but we cannot presume that injustice was done by the prompter course. The complainant should have attended his cause by himself, or attorney, and taken cognizance of the proceedings. There is no showing that he attempted any

Casteel v. Casteel.

explanation of his default, or came in at any time during the term to ask to be heard in his excuse. So far as the transcript shows he refused obedience to the order, stood by in silence until his complaint was dismissed, and a decree made against him upon the cross-complaint, which he did not answer, and now appeals, claiming that his bill should be reinstated.

The cross-complaint had not been answered, and the court proceeded to hear the evidence. This was proper. The expression that the court ordered a trial *ex parte*, has no other meaning than that the court proceeded to inform itself of the truth of the matters alleged in the cross-complaint on the wife's part. There was no issue between the parties. The original complainant did not go out of court with the dismissal of his complaint. He remained there, defendant in the cross bill. He might have answered and made an issue, if he had chosen to resist her claim. He admitted the truth of the matters by not answering them. That, however, did not satisfy the court, which, in this class of cases, is charged with the protection of the interests of society against collusive divorces. (See *Gantt's Dig.*, sec. 2200.)

The court, of necessity, proceeded to hear proof on the wife's part. There is no showing that complainant was precluded from cross-examination of witnesses, or the production of counter-testimony. Doubtless the court would have permitted either, and from all we can know, did.

It must be confessed that from the depositions in the transcript, the decree seems shocking. But we cannot comment upon it. There was oral evidence, which we must presume changed the whole aspect of the case. If not the appellant should have brought it here for our consideration, by bill of exceptions, or what in Chancery would have answered the same purpose, by having it taken down in

3. PRACTICE IN SUPREME COURT: Bill of exceptions in Chancery causes.

60—38

writing in open court, and by leave, filed with the papers.

**An appeal in Chancery brings up every paper filed in the cause.** An appeal in Chancery brings up every paper properly filed in the cause. They all, under our present system, become parts of the record.

**4. Alimony not to be made a lien on property.** We need not modify the decree, as it is not urged upon us to do so. Otherwise it would be proper to remand the cause for its correction. The alimony should not have been made a lien upon the lands of complainant This is equivalent to charging them with an annuity, which the owner might do voluntarily, but the court should not *in invitum*, as it embarrasses alienation. If objection had been made, or were now insisted upon, the court might have secured the payment of the alimony by sequestration, or by exacting sureties. (See *Gantt's Dig. sec.* 2205.) The appellant has, however, chosen to stand on other ground.

**5. Alimony: Continuance of: Relief from, on wife's marriage.** By the decree, as it now stands, although no definite time is fixed during which it is to continue, it will, from its nature, cease with the death of either party, or, upon the marriage of the wife, the complainant may apply to the court to be relieved from further payment.

Affirm the decree.