(36 Misc. Rep. 407.)

### KIRALFY v. KIRALFY.

(Supreme Court, Special Term, New York County. December, 1901.)

ALIMONY—REMARRIAGE OF DIVORCED WIFE.
    Where a wife, after obtaining a divorce, marries a man able to support her, and the children of the first marriage, with the exception of a minor, are supporting themselves, and the former husband is in poor circumstances, and has paid up all arrears of alimony, it will be reduced, and put on the basis of support of minor child.

Bill by Elize M. Kiralfy, now Elize M. Lowitz, against Bolossy Kiralfy. Motion to amend a final decree of divorce by reducing amount of alimony on remarriage of plaintiff. Motion granted.

Julius Lehmann, for the motion.

A. H. Hummel, opposed.

GILDERSLEEVE, J. The parties to this action were husband and wife. The latter brought the action for an absolute divorce. On or about January 2, 1899, an order was entered requiring defendant to pay $150 a month alimony pendente lite and a counsel fee of $500. The defendant appeared in the action, and defended the same, but on or about October 5, 1899, a judgment for absolute divorce was entered in favor of the plaintiff, from which no appeal was taken. The final decree provided that defendant should pay $132 a month for the support of the plaintiff and the children of the marriage. Defendant failed to comply with the directions of the court in respect to alimony. It does not appear, however, that any attempt to punish him for contempt has been made, owing, presumably, to his continued absence in Europe. On May 21, 1901, the parties made an arrangement by which plaintiff was to refrain from punishing the defendant for contempt as long as the defendant paid her regularly $25 a week, and on the further condition that he should pay a gross sum of $1,000 on account of accrued alimony. With both of these conditions the defendant has complied. It was especially stipulated, however, that the defendant should not avail himself, in any way, of this agreement on any application to modify the provisions of the final decree of divorce. It further appears that since obtaining the decree of divorce the plaintiff married one William Lowitz, with whom she is now living, and by whom she is now supported. It is also shown that plaintiff owns a house at No. 38 Washington square, in this city, which defendant claims he gave her, but which she swears was partly purchased with her own earnings. She also asserts that there is a mortgage of $38,000 on the house, that she occupies it herself, and that it yields no income. It is claimed by defendant that all the children of the marriage are over 21 and self-supporting, except Edith R. Kiralfy, a girl of 13, who lives with her mother. The plaintiff, however, asserts that she also supports Grace E. Kiralfy, another daughter of the parties to this action. The defendant, on the other hand, alleges that the said Grace is quite able to earn her living as a musician. I think the preponderance of proof establishes the fact that all but one of the children are over the age of 21 years, and are capable of supporting themselves. The defendant excuses his failure to comply with the directions of the court as to alimony on the ground of inability to raise the necessary money. On the other hand, plaintiff alleges that defendant earned large sums in his business. On the disputed question of defendant's financial status, I incline to the opinion that the preponderance of proof rests with defendant.

This motion is made by the defendant under sections 1771, 1759, subd. 2, Code, for an order modifying the final decree of divorce by reducing the amount of the alimony to $10 a week. The defendant swears that he has complied with the preliminary requirements of the statute by obtaining permission from the court to make this application. While it has been held that the remarriage of a woman

who has obtained a divorce from her husband does not, of itself, entitle the former husband to the annulment of a provision for alimony in the final decree of divorce (see Shepherd v. Shepherd, 1 Hun, 240), still it seems to 'me that such remarriage constitutes a very important factor in the determination of an application by the former husband for a modification of the decree. If the second husband is quite capable of supporting his wife, and if the children by the former marriage are self-supporting, and if the first husband is poor and hard pressed to raise the money for the payment of the alimony awarded to his former wife, it would appear that the court would be justified, under ordinary circumstances, in relieving the defendant from the burden of supporting another man's wife. But it is here urged that the defendant has no standing in court, for the reason that he has not obeyed the orders of the court in respect to the payment of alimony. As we have seen, however, no steps have been taken to have him judicially declared in contempt and punished accordingly. He has satisfactorily shown his inability to purge himself of his actual contempt by paying up the arrears of alimony. He has, apparently, done the best he could in this direction by paying $1,000 on account and by paying regularly since May last the sum of $25 a week to his former wife, the present Mrs. Lowitz. He now swears that he is unable to pay longer so large a sum, but is willing to pay to the plaintiff the sum of $10 a week, with which she can support the infant child of the marriage between the parties to this action. Upon all the facts and circumstances of the case, as they appear in the papers before me, I incline to the opinion that the defendant is entitled to the relief for which he asks. The motion is granted, on payment by defendant to plaintiff of $10 costs.

Motion granted, with $10 costs.