(49 Misc. Rep. 599.)

COMSTOCK v. COMSTOCK.

(Supreme Court, Special Term, New York County.   February, 1906.)

1. DIVORCE—ALIMONY—MODIFICATION OF DECREE.
   Under Code Civ. Proc. §§ 1759, 1771, giving a court authority to modify a judgment as regards alimony, where it appears that after decree for divorce plaintiff remarried, and that the income of her present husband is twice as much as that of the defendant, the court may modify the judgment for alimony by annulling the same.
   [Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, § 696.]

2. SAME—CONTEMPT.
   Where an order to show cause why a decree for alimony should not be modified was served on plaintiff, and restrained her from enforcing the decree, defendant was not punishable for contempt in neglecting to pay the alimony after the making of said order.

Action by one Comstock against her husband for divorce.   Judgment for plaintiff.   Motion by defendant asking to be relieved from further payment of alimony.   Order granted.

Ivins, Mason, Wolff & Hoguet, for plaintiff.
Edwin N. Whitfield, for defendant.

BLANCHARD, J.   This is a motion by the defendant, against whom final judgment has been entered in an action for divorce, asking to be relieved from the further payment of alimony directed in such judgment.   The affidavits show that the defendant's income has not

increased, but probably diminished, since judgment was entered, and that the plaintiff has remarried, and that the available income of her present husband approximates twice the income of the defendant. As appears from sections 1759 and 1771 of the Code of Civil Procedure, alimony is granted for the support of the plaintiff as justice requires, having regard to the circumstances of the respective parties; and, upon satisfactory proof that justice requires a modification of the judgment as regards alimony, such modification will be made. Alimony is not determined according to the rule of damages applicable to torts. In the absence of proof, upon the trial, of the alleged tortious acts of the defendant, the court is unwilling, upon this motion, to include in the computation of alimony the amount of damages, as such, alleged to be caused by such acts. Such expenses, at most, can be regarded as merely one item in the necessary costs of the plaintiff's support. It does not convincingly appear that the cost of the plaintiff's support has increased since the divorce. It clearly appears, on the other hand, that the plaintiff's financial circumstances have been greatly improved by her remarriage, and that the defendant's financial circumstances have not improved, but probably have deteriorated. The fact of remarriage, merely, in itself, is perhaps not an element to be considered. Kiralfy v. Kiralfy, 36 Misc. Rep. 407, 73 N. Y. Supp. 708. Compare Shepherd v. Shepherd, 1 Hun, 240, affirmed 58 N. Y. 644. No case, however, has been presented which precludes the court, upon this motion to vary the amount of alimony, from considering changes in the circumstances of the parties, to whatever cause they may be due. The following cases, upon which the plaintiff relies, are not only distinguishable from the facts of the present case, but are rested upon an earlier statute, which contained no provision for varying the plaintiff's alimony after final judgment of divorce: Shepherd v. Shepherd, supra; Stevenson v. Stevenson, 34 Hun, 157; Park v. Park, 18 Hun, 466, affirmed 80 N. Y. 156; Kamp v. Kamp, 59 N. Y. 212; 3 Rev. St. (5th Ed.) p. 236, § 58; Id. p. 239, § 73. The facts of this case resemble those presented in Kiralfy v. Kiralfy, supra, and the rule there laid down states the law applicable to the present case. Since the order to show cause upon which the present motion is made restrained the plaintiff from enforcing the order of alimony against the defendant, the defendant is not punishable for contempt in neglecting to pay alimony since the making of said order to show cause. Upon all the facts, it seems proper that the judgment of divorce be modified, and the provision regarding alimony annulled and set aside.

Ordered accordingly.