WHITMORE *v.* BROWN.

Opinion delivered January 24, 1921.

1. DIVORCE—LIEN FOR ALIMONY.—Where a wife, who has been given a decree for alimony payable in installments, executed a quitclaim deed to the purchaser of lots from her former husband, she can not thereafter claim a lien for the alimony upon the lots.

2. DIVORCE — INSTALLMENTS OF ALIMONY NOT LIEN ON HUSBAND'S LANDS.—Installments of alimony to become due in the future do not become and can not be made a lien upon the husband's real estate, as this would embarrass alienation.

Appeal from Pulaski Chancery Court; *J. E. Martineau,* Chancellor; affirmed.

Appellee brought this suit in equity against appellant to quiet his title to lots 1 and 2 and the north five feet of lot 3, block 9, Fleming & Bradford's Addition to the city of Little Rock in Pulaski County, Arkansas.

Mrs. Eva W. Whitmore filed an answer for herself, and her minor children, who were also made defendants in the court below, filed an answer through their guardian *ad litem.*

The case was tried before the court upon a state of facts substantially as follows: Y. E. Whitmore and Eva W. Whitmore were husband and wife, and had three minor children. They owned the lots above described and resided on them. On the 21st day of April, 1919, a decree of divorce between said parties was entered of record in the Pulaski Chancery Court, and the custody of the minor children was granted to Mrs. Eva W. Whitmore. By consent of the parties judgment was rendered in her favor against Y. E. Whitmore for $3,000 alimony, to be paid in installments of $250 quarterly.

The decree further provided for a judgment against Y. E. Whitmore in favor of Eva W. Whitmore, in trust for the support and maintenance of their three minor children at the rate of $75 per month until the youngest of said children reached its majority. The decree further provided that an execution might issue as in cases of judgment at law.

On the 20th day of February, 1920, Y. E. Whitmore contracted in writing to sell the lots above described to R. O. Brown. On the 24th day of April, 1920, Eva W. Whitmore by a quitclaim deed conveyed her interest in said lots to R. O. Brown. On the 26th day of April, 1920, on the petition of Y. E. Whitmore and Eva W. Whitmore, the chancery court entered a decree setting aside that part of the former decree which provided for a judgment in favor of Eva W. Whitmore for $3,000 and

in favor of Eva Whitmore in trust for their three
minor children for $75 per month until the youngest one
reached its majority, and re-entered a decree against
Y. E. Whitmore for $3,000 in favor of Eva W. Whitmore,
and provided that it should be a specific lien on certain
lots in the city of Little Rock which belonged to Y. E.
Whitmore and on which Eva W. Whitmore resided with
their minor children.

The decree further provided that Eva W. Whitmore
should recover from Y. E. Whitmore for the support and
maintenance of their three minor children the sum of
$37.50 each per month, and provided that a lien be created
on the property last referred to to secure the payment
of the same. Said decree further provided that the property
in controversy be released from any lien that may
have been created by the original decree of divorce.

On the 26th day of April, 1920, Y. E. Whitmore married
another woman, and on the same day he conveyed
the property in controversy to R. O. Brown, and his wife
relinquished dower in the deed.

The chancellor found that original decree of divorce
of the date of the 21st day of April, 1919, did not constitute
a lien in favor of Eva W. Whitmore for the $3,000,
or in her favor in trust for her minor children for the
sum of $75 per month until the youngest child became
of age, and specifically found that the judgment for alimony
did not create a lien on the property in controversy.
The case is here on appeal.

The appellants, *pro se,* by A. B. Cypert, guardian
*ad litem* for the minor heirs.

A decree for alimony creates a lien on the husband's
real estate, including installments, falling due in future.
The decree recites that "execution may issue as upon
judgment at law" is a judgment under our statute, and
a lien exists in favor of the minor children. 2 Blackf.
295; 21 S. E. 461; 68 Ill. 17; 29 Ill. 17; 29 N. J. Eq. 9;
35 N. E. 58. See, also, 53 S. E. 769-774; 14 W. Va. 367;
35 N. E. 58; L. R. A. 1916 B 648; 48 L. R. A. (N. S.) 420.

*Asa C. Gracie,* for appellee Y. E. Whitmore.

1. The quitclaim deed from Eva W. Whitmore re-
moves all question as to the lien in her favor under the
divorce decree.

2. The decree of April 21, 1919, gives Mrs. Eva
Whitmore in trust for the minor children a lien on the
property in question for the allowance for the support of
the children. It is not a judgment and a lien on the real
estate under our statute, and the chancery court had no
authority to modify the decree by the decree of April
26, 1920. The judgment on the original decree is not a
judgment and not a lien. 38 Ark. 119; 38 *Id.* 477; Kir-
by's Digest, § 4438; Ib. §§ 2681-2. The court had the
right to set aside the decree for alimony entered at a
previous term of the court and cancel it. 93 Ark. 426;
42 *Id.* 495; 88 *Id.* 302-8. The decisions of other States
cited by appellant on the question of decrees for alimony
being a lien on real estate are not in point, as the mat-
ter is settled by statute in this State.

HART, J. (after stating the facts). The decree for
alimony in gross in the sum of $3,000 was entered by
consent of the parties and was for the benefit alone of
Eva W. Whitmore. She saw fit to execute a quitclaim
deed to R. O. Brown for the lots in controversy, and thus
disposed of any possible interest she might have in the
lots. Therefore, the question of whether the original
divorce decree constituted a lien upon the lots in contro-
versy to secure this amount passes out of the case.

The only question raised by the appeal is whether
or not the original divorce decree of the date of April
21, 1919, gives to Eva W. Whitmore in trust for the
minor children a lien on the property in controversy for
the $75 per month which the court below decreed should
be paid by Y. E. Whitmore until the youngest child be-
came of age. Divorce proceedings are regulated by
statute, and alimony is just what the statute makes it.
There is no statute in this State providing that a decree
for alimony or for the support and maintenance of the

minor children of the divorced parties shall be a lien on the real estate of the husband. There is a conflict in the authorities as to whether a decree for alimony payable in installments becomes a lien on the lands of the husband, or whether it may expressly be made a lien by the court upon the real estate of the husband.

It is insisted by counsel for appellants that the better reasoning supports the conclusion that a decree for alimony creates a lien on the husband's real estate, which extends to and includes the installments of such alimony falling due in the future. We need not consider where the better reasoning or the weight of authority on this question is, for this court as early as 1881 took the opposite view of the question, and the decision has never been overruled. This court expressly held that a decree for alimony payable in installments does not operate as a lien upon the real estate of the husband. In *Kurtz* v. *Kurtz,* 38 Ark. 119, it was held that the court should not make future payments of continuing alimony a lien on the husband's real estate for the reason that to do so would be likely to embarrass alienation. The court said that this was too obvious for discussion, and that "as for all matters ordered to be paid at once, and for which execution may issue, they are already general liens, without being so expressed." Again in the succeeding year, in the case of *Casteel* v. *Casteel,* 38 Ark. 477, in discussing the question, the court said: "We need not modify the decree, as it is not urged upon us to do so. Otherwise it would be proper to remand the cause for its correction. The alimony should not have been made a lien upon the lands of complainant. This is equivalent to charging them with an annuity, which the owner might do voluntarily, but the court should not *in invitum,* as it embarrasses alienation. If objection had been made, or were now insisted upon, the court might have secured the payment of the alimony by sequestration, or by exacting sureties. The appellant has, however, chosen to stand on other grounds." Thus it will be seen that the

court adhered to its former ruling on this question, and that the decree in that case was affirmed solely on the ground that appellant did not urge as error, either in the court below or upon appeal, that the decree for alimony was made a lien upon the land of the husband.

The effect of these decisions has never been impaired by subsequent ones, and they have become a rule of property in this State. It results from these considerations that the decree for continuing alimony for the support of the children did not create a lien on the lots in controversy, and R. O. Brown·was entitled to have his title quieted.

Therefore, the decree must be affirmed.