## WARREN v. MOORE.

Opinion delivered February 18, 1924.

1. PARENT AND CHILD—AWARD FOR SUPPORT OF CHILDREN.—In a suit by a divorced wife against the former husband for the support of a child, an award of $16 per month, where defendant owned a small farm and earned a small wage as a laborer, was not excessive.

2. PARENT AND CHILD—SUPPORT OF CHILD—LIEN ON REAL ESTATE.—In an attachment suit against a nonresident parent to secure payment for support of a child, it was improper to decree a lien on such parent's land for future monthly payments.

Appeal from Crawford Chancery Court; *J. V. Bourland,* Chancellor; modified.

*Starbird & Starbird,* for appellant.

1. In making an allowance for the support of the child, it was error to include in such allowance the value of the mother's personal attentions and service to the child.

2. The allowance of $16 per month was excessive, under the evidence.

3. The court erred in sustaining the attachment. The order and decree for an allowance was not a decree for the recovery of money within the meaning of the statute, C. & M. Dig., § 494. It is an action for future support. In such cases attachment is not necessary. 126 Ark. 164-168.

4. No cause of action lies to the children themselves to maintain this suit. The right is statutory, and the child needs no protection save that which the divorce

statute gives to the court granting the divorce. The stat-
ute must be strictly pursued. 38 Ark. 127; 88 Ark. 308.

5. It was manifest error to attempt to fix a lien upon
appellant's land to secure payment of future installments
of the allowance. 147 Ark. 147; 38 Ark. 477; *Id.* 127.

SMITH, J. Appellee brought this suit, as next friend
for her three minor children, against appellant, who was
formerly her husband, and is the father of the children,
to require him to contribute to their support. She had
obtained a divorce from him, and in that decree an award
was made as alimony for herself and as support for her
children, but she soon thereafter married another man,
and this allowance was set aside. The present suit was
brought for the benefit of the children alone.

Appellee's oldest son, though still a minor, earns
$4.50 per day, and supports himself and contributes to
the support of his mother. The second child is now
living with its father, and is supported by him. The third
child is a daughter, who lives with the mother, and the
testimony as to the allowance which should be made
relates to this child.

The testimony on this subject is conflicting. The
mother prayed an allowance of $25 per month, of which
amount she said $15 would be required to pay the actual
expenses of the child, and that her own necessary service
would be worth $10 per month. On the part of the father
there was testimony placing the value of the child's board
as low as $6 per month.

It may be conceded, as contended by appellant, that
the mother is not entitled to recover for the value of those
purely personal services and duties which the mother
owes the child, but, leaving these out of account, we think
the allowance made by the court—that of $16 per month—
is proper, under the testimony. The expenses of the child
may, and no doubt will, vary, but, in addition to her
board, the child may need medical attention. and is of an
age when she should be in school, and will, of course,
have to have books and clothes, and these are all proper

items to be taken into account in fixing the allowance which the father should pay. As small as the allowance appears to be, we think it fair, in view of the fact that the father owns no property except a small farm, which, he testified, was worth not more than $450, and that he himself was a day laborer, earning only a small wage.

Appellant is now a nonresident of the State, and, upon the institution of this suit, the land was attached. The attachment was sustained by the court, and it was adjudged that the attachment lien is "hereby e ctended for the protection and security of such payment," and it was further decreed "that said lands, in default of any payment, shall be subject to sale as on execution for the sale of lands on execution from the circuit court," and that, in the event of sale, the proceeds thereof should be deposited with the clerk of the court, to be paid by him in accordance with the decree.

We approve this decree, except that part which decreed a lien on the land to secure the discharge of future monthly payments.

In *Whitmore* v. *Brown*, 147 Ark. 147, a wife obtained a divorce from her husband, with a decree for $3,000 alimony, to be paid in installments of $250 quarterly. There was also a decree for the support and maintenance of three minor children, at the rate of $75 per month, until the youngest should become of age, with a provision that, upon default in payment, an execution might issue as in cases of judgment at law. Later, on the petition of both the husband and the wife, this decree for alimony and support of children was set aside and a decree was entered by consent for $3,000, with provision that there should be a specific lien on certain town lots. The decree further provided that the wife should recover for the support of each of the children the sum of $37.50 per month, and provided that a lien be created on the lots to secure the payment of the same. The wife executed a quitclaim deed for the lots, and, as stated in the opinion, thus disposed of any interest she had therein, but she sought, by the suit which she instituted, to enforce a lien

in favor of the children. We said: "Divorce proceedings are regulated by statute, and alimony is just what the statute makes it. There is no statute in this State providing that a decree for alimony or for the support and maintenance of the minor children of the divorced parties shall be a lien on the real estate of the husband." We there expressly declined to consider where the weight of authority was, or whether the rule announced was supported by the better reasoning, upon the ground that this court had long since decided that no lien could be declared in such cases, the reason assigned being that to do so would be likely to embarrass alienation. The cases so holding were there cited and quoted from.

It follows therefore that no lien on the land should have been decreed, and that part·of the decree must therefore be reversed, and the cause will be remanded with directions to modify the decree in this respect.