MASSENGALE *v.* MASSENGALE.

4-2842

Opinion delivered February 6, 1933.

*J. M. Shinn,* for appellant.

*W. P. Spears* and *V. D. Willis,* for appellee.

McHANEY, J. Appellant and appellee were married in April, 1925, but their marital life was of brief duration, being separated in September, 1927, and later the same year, December 20, 1927, being divorced. In the decree of divorce appellant was ordered to pay appellee $15 per month beginning December 20, 1927, and a like sum thereafter on the 20th day of each month, and an attorney's fee of $15. Appellant failed to comply with the order of the court, and failed to make the payments of alimony so ordered to be paid, as well as the fee allowed the attorney.

By deed dated March 9, 1923, appellant conveyed to Laura E. Massengale, his former wife, his homestead, containing 160 acres, and described as the west half of the northeast quarter and east half of the northwest quarter in section 26, in township 17 north, range 21 west, Newton County, together with certain other lands in said county, but which was not delivered by the grantor to the grantee until after the separation above mentioned. Thereafter appellee brought suit against appellant and his then wife, Laura E. (he in the meantime having been married to his former wife), to cancel said deed and to subject same to her alleged lien for accrued alimony. On April 15, 1930, decree was entered canceling said deed as prayed, and judgment was rendered in her favor against appellant for accrued alimony in the sum of $450. Said deed was canceled because the court found it was executed for the fraudulent purpose of cheating and defrauding the appellee out of her dower rights and to prevent her from realizing any sums of money for attorney's fees, alimony and suit money in the divorce action, and from obtaining her portion of said lands in the divorce action. Decree was also entered in appellee's favor for a one-third interest in the lands described in said deed (the homestead lands included) for her life,

and that same be sold, subject to said interest, as might be necessary to pay the judgment rendered. A commissioner was appointed to sell said lands as ordered, sale was had, and appellee became the purchaser. Writ of possession was thereafter issued and delivered to the sheriff. Whereupon appellant filed his amended complaint, setting up the foregoing facts, claiming his homestead to be exempt from said sale, and praying that said writ of possession be quashed in so far as it relates to his homestead. Appellee demurred to the complaint, which was sustained, the complaint dismissed, and this appeal followed.

The learned court erred in so holding.

The statute, § 3511, Crawford & Moses' Digest, provides that in every final judgment for divorce granted the wife against the husband the court shall make an order that each party shall be restored to all property not disposed of at the commencement of the action which either party obtained from or through the other during the marriage and in consideration or by reason thereof; "and the wife so granted a divorce * * * shall be entitled to * * * one-third of the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been relinquished by her in legal form, and every such final order or judgment shall designate the specific property, both real and personal, to which such wife is entitled." The statute provides for sale of the property if same is not susceptible to division without great prejudice to the parties, and a proper division of the proceeds. It is then provided that "such order, judgment or decree shall be a bar to all claim of dower in and to any lands or personalty of the husband then owned or thereafter acquired on the part of said wife divorced by the decree of the court."

This court has several times held that a decree or order for future payments of alimony does not constitute a lien upon real estate; that only sums ordered to be paid at once and for which execution may then issue con-

stitute a lien upon lands as other judgments. *Kurtz* v. *Kurtz,* 38 Ark. 119; *Casteel* v. *Casteel,* 38 Ark. 477; *Whitmore* v. *Brown,* 147 Ark. 147, 227 S. W. 34; *Warren* v. *Moore,* 162 Ark. 564, 258 S. W. 361. The reason given for the rule denying liens for future alimony is that it would likely embarrass alienation.

At the time appellant delivered the deed to the land in controversy and other land to Laura E. Massengale, there was no judgment for accrued alimony or otherwise against him. The land here involved was his homestead. The decree of divorce granted in December, 1927, awarded alimony of $15 per month to appellee, but failed to designate any real or personal property to which appellee was entitled. It is not necessary to decide whether she acquired any title to the land other than the homestead by her purchase at the commissioner's sale, but certainly she did not acquire any interest in his homestead. He had previously conveyed it to Laura E. Massengale, at a time when it was free from any lien in appellee's favor, and, being a homestead, could be conveyed without regard to general judgment creditors.

Appellant made no defense to appellee's suit to cancel said deed, nor to the sale of his land, but when his possession of his homestead was sought to be interfered with, and he be ousted therefrom, he brought this action. His action was in time as provided by statute and many decisions of this court. Section 5543, Crawford & Moses' Digest, reads as follows: "A debtor's right of homestead shall not be lost or forfeited by his omission to select and claim it as exempt before the sale thereof on execution, nor by his failure to file a description or schedule of the same in the recorder's or clerk's office; but he may select and claim his homestead after or before its sale on execution, and may set up his right of homestead when suit is brought against him for possession, and, if the husband neglects or refuses to make such claim, his wife may intervene and set it up; provided, if the debtor does not reside on his homestead, and is the owner of more land than he is entitled to hold as a home-

stead, he or his wife, as the case may be, shall select the same before sale." See cases there cited and numerous others since decided. Appellee's judgment for accrued alimony in the sum of $450 was of no more force than any other judgment, and had no more validity against the homestead than any other judgment. Since appellee had no lien on the homestead and no decree for any interest therein when her divorce decree was granted, she had no cause to complain of any disposition appellant made of it, whether to his ex-wife or to any other person, and no matter with what intent he conveyed it.

Decree reversed and cause remanded, with directions to overrule the demurrer, and for further proceedings in accordance with this opinion.