PEGGY JO WILLIAMS v. HERBERT WILLIAMS

5-4704                                    432 S.W. 2d 830

Opinion Delivered October 28, 1968

476

*Little, Enfield & Lawrence* for appellant.

*Jeff Duty* for appellee.

GEORGE ROSE SMITH, Justice.     This appeal is from a decree granting a divorce to the appellant on the ground of three years separation, awarding her the custody of the parties' three children, increasing a prior support allowance from $70 to $100 a month, reducing the husband's previous delinquent payments to judgment, dissolving the tenancy by the entirety that formerly existed as to the family homestead, and directing that the homestead be sold and the proceeds be divided between the parties.

The appellant makes two contentions for reversal. First, she argues that the monthly support allowance should have been increased to $150 instead of to $100. This argument is based upon the appellee's testimony that it takes at least $150 a month to provide support for the children.     That, however, is not the sole pertinent consideration.     The husband's ability to pay must also be taken into account.     Williams testified without contradiction that he earns only $56.01 a week and that his own living expenses exceed that amount. The decree requires him to pay $100 a month for the children's support and to carry hospitalization coverage for their bene-

fit, which costs $12.55 a month. We are unable to say that the chancellor's decision is against the weight of the evidence. His division of the available income appears to be as fair as the circumstances permit.

Secondly, the appellant contends that her money judgment for delinquent support payments should have been declared to be a lien upon the appellee's share of the proceeds to be derived from the sale of the homestead. The court was right in rejecting that contention. The constitution is specific in declaring that the homestead shall not be subject to the lien of any judgment or decree, with certain exceptions that do not apply here. Ark. Const., Art. 9, § 3. In *Massengale* v. *Massengale*, 186 Ark. 917, 56 S.W. 2d 763 (1933), we held that a judgment for accrued alimony "was of no more force than any other judgment, and had no more validity against the homestead than any other judgment." The principle of that case is controlling, because neither a judgment for alimony nor a judgment for child support is among the enumerated exceptions to the homestead exemption.

Affirmed.