SMITH *v.* GILBERT.

Opinion delivered November 19, 1906.

1. PARENT AND CHILD—MANUMISSION—REVOCATION.—Where a parent has compelled his child to leave home and seek temporary employment elsewhere, such acts operate as a manumission for the time, and can not be revoked by the parent so as to abrogate a contract for service for a reasonable time fairly entered into between the child and his employer. (Page 527.)

2. SAME—MANUMISSION.—A parent, by offering his son a share in the crop he might raise on the parent's farm, did not waive his right to claim the earnings of his son under a subsequent hiring to another without the consent of the parent. (Page 527.)

3. SAME—LIABILITY OF PARENT FOR NECESSARIES FURNISHED CHILD.—A parent can not be made liable for necessaries furnished to his child by a stranger unless he has refused to furnish them himself. (Page 527.).

Appeal from Sevier Circuit Court; *James S. Steel,* Judge; reversed.

*Otis T. Wingo,* for appellant.

1. The testimony of both the boy and the father is clearly against the contention that the latter "drove" the former from his home.

2. An offer by the father to the minor son of land upon which to make a share crop can not be construed as an act of emancipation, especially when made with a view to retain the services of the son. 1 Ia. 358; 7 L. R. A. 176. Allowing the minor son to have and control his own wages is not complete emancipation, nor the fact that the father permits him to leave home, take work and support himself from his earnings while away from home. 4 Atl. 464; 1 Atl. 448. Moreover, emancipation of a minor is irrevocable, and the note written by plaintiff to defendant was sufficient revocation, if his former acts amounted to emancipation. 18 Atl. 37; Rodgers, Dom. Rel. 490; 3 Fed. 862.

*W. F. Nichols,* for appellee.

1. The question whether the father had emancipated the son was one of fact for the jury. Their finding will not be disturbed.

2. It would be against public policy to allow revocation of a minor's emancipation after he had once been set free. 21 Ark. 490; 25 Ark. 469.

McCulloch, J. This is an action brought by appellant, C. N. Smith, to recover from appellee, Dan Gilbert, the value of the services of his (appellant's) son, who was a minor, and also damages sustained on account of appellee having enticed the boy away from his parent. It is alleged in the complaint that the defendant wrongfully enticed the minor son of the plaintiff away from home and employed him for a period of six months without the plaintiff's consent and over his written objection.

It is undisputed that the defendant hired plaintiff's son, without the consent of the parent, and retained the son in his employment for a period of six months at wages of ten dollars per month which he paid to the boy, and that a few days after defendant hired the boy the plaintiff sent him written notice in the following words: "You are hereby warned not to employ my son, Tommie. If you do, I will hold you responsible." The boy testified that his father drove him away from home, and told him not to return. This was denied by the plaintiff in his testimony. They both testified that before the boy left home his father offered to furnish him land and a mule and give him for his services one-half of all the crop he raised.

The court, at the request of defendant's counsel, gave to the jury the following instructions over plaintiff's objections:

"1. The court instructs the jury that if they believe from the evidence in this case that the plaintiff, C. N. Smith, ordered his son, T. P. Smith, to leave home, and told him that he must get another home, your verdict will be, "We, the jury, find for the defendant."

"2. The court instructs the jury that if they believe from the evidence that C. N. Smith, the plaintiff, had at any time before Daniel Gilbert hired the son, T. P. Smith, set him free, or by making a deal that he, the said T. P. Smith, was to make a share crop, your verdict will be, "We, the jury, find for the defendant."

"3. The court instructs the jury that if they believe from the evidence that the defendant did entice or persuade the son, T. P. Smith, from his father, C. N. Smith, or that he wrongfully hired him, and that defendant paid the sum of ten dollars per month to the said T. P. Smith, and that the said T. P. Smith used the money so obtained from Gilbert in purchasing the

necessaries of life, you will deduct said amount from whatever damage you find the plaintiff entitled to."

The first instruction quoted above is said to be incorrect, for the reason that it entirely ignores the plaintiff's revocation of his command to his son to leave home and his implied consent that the defendant might hire the boy. There seems to be some conflict in the authorities as to the right of the parent to revoke the manumission of his child when once made; but there can be no doubt upon the proposition that where the parent has compelled his child to leave home and seek temporary employment elsewhere for a reasonable length of time, it operates as an act of manumission for the time, and can not be revoked by the parent so as to abrogate a contract for service fairly entered into between the emancipated child and his employer. Such contracts, made after the act of emancipation and before the revocation, can not be thus disturbed by the parent. It was, therefore, not erroneous to give the instruction in question.

The second instruction was erroneous in that it told the jury that the parent, by offering his son a share in the crop he might raise on the farm, waived his right to claim the earnings of the son under a subsequent hiring to the defendant without the consent of the parent. This is not the law. The offer of a parent to give his child a part of all of his earnings while working for him does not operate as an emancipation of the child.

The third instruction is erroneous for the reason that it allows the defendant credit for money paid to the plaintiff's son, even though he may have wrongfully hired the boy over the plaintiff's objection, and even though the plaintiff had not refused to furnish his son necessary food and clothing. The rule is that the parent can not be made liable for the necessities furnished to his child unless he had refused to furnish them himself. Any other rule would allow the child or a stranger, and not the parent, to be the judge of the needs of his child. Rodgers on Dom. Rel. § 493.

Reversed and remanded for a new trial.