# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

## JOHNSON v. MITCHELL.

### Opinion delivered April 21, 1924.

1. PARENT AND CHILD—DUTY TO PROVIDE FOR MINOR CHILDREN.—The duty of parents to provide for their minor children is grounded, not only on the duty of a father to his child, but also to the public.

2. PARENT AND CHILD—PARENT NOT BOUND BY CHILD'S CONTRACT.— Where a father has supplied his minor children with necessaries suitable to his own condition in life, or is ready to supply them, he cannot be bound by a contract which they may make with a third party, although the goods purchased by them may be regarded as necessaries.

3. PARENT AND CHILD—AUTHORITY OF CHILD—EVIDENCE.—Circumstantial evidence may be sufficient to show authority of children to bind their parent to pay for necessaries furnished them.

4. PARENT AND CHILD—INSTRUCTION.—In an action for goods sold to defendant's minor children, an instruction to find for plaintiff unless defendant established, in accordance with his contentions at trial, that he had instructed plaintiff not to sell any more goods to his family without a written order, *held* erroneous, as placing the burden on defendant to disprove his liability, instead or requiring plaintiff to prove same.

5. EVIDENCE—BURDEN OF PROOF.—Under Crawford & Moses' Dig., §§ 4112-3, the duty is upon the party holding the affirmative on an issue to produce evidence to prove it.

Appeal from Sevier Circuit Court; *Ben E. Isbell*, Judge; reversed.

*Lake & Lake,* for appellant.

In order to hold the parent liable there must be either an express promise to pay or circumstances from which a promise can be implied. 29 Cyc. 1608; Rodgers on Domestic Relations, 493. Before one can be held to have ratified any unauthorized act of one who assumes to be his agent, the principal must have knowledge of all

the material facts upon which such agency is predicated; and ignorance of such facts renders the alleged ratification invalid. 147 Ark. 425; 100 Ark. 399. An estoppel *in pais* is conduct intended and calulated to induce another person to alter his condition so that it would be a fraud on him to allow the other person to take an inconsistent attitude to his detriment. 131 Ark. 77; 148 Ark. 295; 91 Ark. 141; 64 Ark. 213; 64 Ark. 627; 48 Ark. 409.

*Abe Collins,* for appellee.

A promise to pay is implied where the parent, without objection, allows the child, who is a member of his household, to receive or retain necessaries furnished by another person, although they are purchased by the child without authority. 29 Cyc. 1610-11 C.

HART, J. F. G. Mitchell commenced this suit before a justice of the peace against J. W. Johnson to recover the sum of $202.75, alleged to be due for groceries sold to minor children of the defendant by the plaintiff. In the justice of the peace's court the plaintiff obtained judgment for the amount claimed, and the defendant appealed to the circuit court.

At the time the groceries were purchased the minors were residing with their father, and, so far as the record shows, he was furnishing them with food and support suitable to his condition in life.

The plaintiff was the principal witness for himself. According to his testimony, the defendant owed him for groceries furnished his family upon the order of his minor children in the fall of 1918, and on Thanksgiving Day the defendant came in and paid his bill to the plaintiff. At the time he paid his bill, the defendant told the plaintiff not to let the children have any more "foolishness." After that time the groceries which make up the account sued on were sold to the children for their father. The articles consist mainly of eggs, sugar, coffee, flour and lard. The plaintiff sold the children of the defendant these articles because he did not consider them "foolish-

ness." The father refused to pay the account, hence this lawsuit.

The defendant was the principal witness for himself. According to his testimony, he did not consent to the purchase of the groceries, nor did he have any knowledge concerning the matter until the bill for them was presented to him, more than a year after he had paid his account at the plaintiff's store and told him not to sell his children any more goods except upon written orders from himself. The defendant admitted paying his account to the defendant on Thanksgiving Day, 1918, and said that, when he did so, he told the plaintiff not to furnish his children any more goods of any kind except upon the written orders of himself. The testimony of the father in this respect was corroborated by that of a minor son who was with him at the time.

The jury returned a verdict in favor of the plaintiff, and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

The duty of parents to provide for their minor children is a principle of natural law, and this obligation to support the children begotten by them is grounded, not only on the duty of a father to his child, but also to the public. *Lefils* v. *Sugg,* 15 Ark. 137, and *Jordan* v. *Wright,* 45 Ark. 237.

It is equally well settled by these authorities, which rest upon the principles of the common law, that, where the father has supplied his minor children with necessities suitable to his own condition in life, or is ready to supply them, he cannot be bound by a contract which the minor children may make with the third party, although the goods purchased may be regarded as necessaries. The reason is obvious. If, in such cases, strangers might furnish children with necessaries against the will of parents, the latter would, in a large measure, lose their parental control over their children. Then, too, if merchants are allowed to sell goods to minor children and compel their fathers to pay for them, regardless of the

fact of whether or not he was supporting his children according to his own circumstances in life, any man who had a family might be ruined. Therefore every man may maintain his own children as he shall think proper, and it requires a contract to enable another person to do so and charge him for it in an action. *Gordon* v. *Potter,* 17 Vt. 348.

This contract, however, may be either express or implied, and courts are so zealous to enforce the parental obligation that circumstantial evidence is sufficient to show that the children had authority to bind the father for the payment of the goods at the time the purchase was made.

Testing by these principles of law, we think the court erred in giving instruction No. 1 to the jury. The instruction reads as follows: ''Unless you find from a preponderance of the evidence that the defendant told the plaintiff, prior to the time he sold and delivered the goods in question to his family, not to sell any more goods to his family without a written order from him, you will find for the plaintiff.''

At the request of the defendant the court gave instruction No. 2, which reads as follows: ''You are instructed that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence that the goods sued for in this case were delivered by the plaintiff to defendant upon a promise, expressed or implied, to pay for them.''

This instruction was a correct declaration of the law, but a comparison of the two instructions will show that they are in irreconcilable conflict. The plaintiff brought the action, and, under our Civil Code, the party holding the affirmative of an issue must produce the evidence to prove it. The burden of proof was upon the plaintiff to establish his cause of action. Crawford & Moses' Digest, §§ 4112, 4113.

The theory of the plaintiff was that there was an implied contract upon the part of the defendant to pay

for such groceries as his children might purchase to be used in supplying the family table. According to his testimony, when the father last paid his account he directed the plaintiff not to furnish his children any more "foolishness."

On the other hand, according to the testimony of the defendant, he told the plaintiff not to furnish his children any more goods except upon a written order signed by himself.

The undisputed evidence shows that the defendant was supporting his children and supplying them with necessary food and clothing. He had the right to buy these articles wherever he wanted to, and, in order for the plaintiff to maintain his cause of action, he must show a binding contract with the defendant, either express or implied. Therefore the court erred in instructing the jury that the plaintiff was entitled to recover unless it should find from a preponderance of the evidence that the defendant had told him, prior to the time he sold the goods in question, not to sell any more goods to his minor children without a written order from himself.

The instruction was necessarily prejudicial to the rights of the defendant, for it put a burden upon him which should have been borne by the plaintiff. The respective theories of the parties as to the authority given by the defendant to the plaintiff to supply the former's children with goods were in direct conflict, and, in order to entitle the plaintiff to recover, he must establish his cause of action by a preponderance of the evidence. The instruction, having placed the burden on the defendant to establish his defense, was necessarily prejudicial to his rights, and the same vice was carried into other instructions given by the court at the request of the plaintiff.

Therefore for the error in giving instruction No. 1 for the plaintiff the judgment will be reversed, and the cause remanded for a new trial.