McDaniel v. Brandon & Baugh.

Opinion delivered June 1, 1925.

1. Parent and child—duty to furnish necessities.—A father is
   bound to supply his minor children with the necessities of life,
   and may be held to pay for such necessities furnished by third
   persons to a minor child without any control or consent, where
   he has failed or refused to act, or in case of some special exigency.

2. Parent and child—implied agreement to pay for necessities.—
   A father's agreement to pay for necessities furnished to his
   minor child may be implied from the knowledge on his part that
   the child has on former occasions bought goods for which he has
   paid.

3. Appeal and error—waiver of error.—Error in an instruction is
   waived where appellant requested a similar instruction.

4. Parent and child—liability for necessities,—Where a parent,
   sued for necessities alleged to have been furnished to his step-
   daughter, introduced evidence tending to establish that he had
   furnished her with necessities suitable to her condition in life,
   an instruction to the effect that he was liable for necessities fur-
   nished by another unless he notified the other not to supply her
   was erroneous in ignoring his defense that he had already sup-
   plied her necessities, and had not authorized her to buy goods
   on his credit.

Appeal from St. Francis Circuit Court; E. D. Rob-
ertson. Judge; reversed.

STATEMENT OF FACTS.

Brandon & Baugh brought this suit before a justice
of the peace against Henry McDaniel on an account for
goods furnished by said firm and charged on its books to
said McDaniel for his stepdaughter.

The plaintiff's recovered judgment against the de-
fendant for the sum of $78.95, and the defendant took an
appeal to the circuit court.

According to the evidence for the plaintiffs, the
account sued on was correct and consisted of wearing
apparel sold and delivered to a stepdaughter of Henry
McDaniel. Credit was given exclusively to the defend-
ant, and the goods were necessities and suitable to the
condition of the purchaser. Said stepdaughter was at
the time of the purchase seventeen and a half years of age

and a member of the defendant's family. She had purchased goods for herself at the store on other occasions, had them charged to her stepfather, and he had paid for the same.

Henry McDaniel was the principal witness for himself. He admitted that his stepdaughter lived with him as a member of his family. He testified further, that he had always provided her with the necessities of life suitable to his condition; that he had never allowed any member of his family except his wife to purchase goods and charge the same to his account; that he did not authorize his stepdaughter to purchase the goods in question; and that she purchased the same after she had run away from home. The defendant also admitted that he had told another firm with whom he traded not to sell his stepdaughter anything after she had run away from home. He did this as a matter of precaution, because he was afraid she would attempt to purchase goods and have the same charged to his account. He did not notify the plaintiffs not to sell his daughter goods because he did not think of it.

The jury returned a verdict for the plaintiffs, and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

*W. J. Lanier,* for appellant.

*C. W. Norton,* for appellee.

HART, J. (after stating the facts). It is insisted that the court erred in giving instruction No. 2 at the request of the plaintiffs. The instruction reads as follows:

"If you find that the defendant treated his stepdaughter as a member of his family, and undertook to supply her wants the same as for his own children, and if you find that the said stepdaughter bought the goods on the account in this case, and if you find that such goods were reasonably necessary for her comfort and support in the station of life in which the family was accustomed, then your verdict must be for the plaintiffs unless you further find that defendant had notified plaintiffs

before this bill was made not to sell goods to his said stepdaughter on his credit.''

The law is that a father is bound to supply his minor children with the necessities of life. He may be held to pay for necessities furnished by a third person to a minor child without any contract or consent where there is an omission of duty on his part to furnish necessities. If the need exists and the father refuses to act, or in case of some special exigency, such as illness away from home, the father would be liable for articles of the necessary class, which a third person may furnish to his minor child. Such agreement may also be implied from a knowledge on the part of the father that his children had bought goods on previous occasions which the father had paid for. *Lufkin* v. *Harvey,* (Minn.) 154 N. W. 1097; Ann. Cas. 1917 D, 583. This general rule has been in effect adopted in this State. *Smith* v. *Gilbert,* 80 Ark. 525, and *Johnson* v. *Mitchell,* 164 Ark. 1.

But counsel for the plaintiffs invoke the well known rule that the alleged error in the instruction given was waived by reason of the defendant having requested and obtained a similar instruction on the same point. *Wisconsin & Arkansas Lbr. Co.* v. *Ashley,* 158 Ark. 379. Counsel for the plaintiffs claim that the alleged error in the instruction given was also contained in instruction No. 2, given to the jury at the request of the defendant. The instruction for the defendant reads as follows:

''The jury is instructed that it must find from a preponderance of the evidence adduced at the trial of this cause that the articles charged in the account of plaintiffs to defendant and purchased by the minor must have been necessities for the minor before you can find for plaintiffs, unless you further find that said articles were purchased from said plaintiffs by said minor by virtue of authority from the defendant.''

It is true that this instruction also allows a recovery, if the jury should find that the goods charged in the account were necessities for the minor, regardless of the

fact of whether the father had furnished his stepdaughter with wearing apparel suitable to her condition in life, still the instruction precludes the plaintiffs from recovery, unless it should also find that the articles were purchased from the plaintiff by the minor by virtue of authority from the defendant.

In this latter respect instruction No. 2, given at the request of the plaintiffs is deficient. It authorizes the jury to find for the plaintiffs under certain conditions, unless it should further find that the defendant had notified the plaintiffs not to sell goods to his stepdaughter on his credit, and this without regard to the fact of whether he had authorized her to buy goods on his credit or not. This constituted error which was necessarily prejudicial to the rights of the defendant.

According to the testimony of the defendant he had furnished his stepdaughter with necessities suitable to his condition in life, and he had not authorized her to buy goods on his credit. Thus it will be seen that the theory of the defendant that he had not authorized his stepdaughter to buy goods on his credit was submitted in the instruction given at his request, and was omitted from the instruction given at the request of the plaintiffs. Therefore, instruction No. 2, given at the request of the plaintiffs, calls for a reversal of the judgment.

It follows that for the error indicated, the judgment must be reversed, and the cause will be remanded for a new trial.