McCALL *v.* McCALL.

4-7110                                    172 S. W. 2d 677

Opinion delivered June 28, 1943.

*Fred A. Isgrig* and *Carl E. Langston,* for appellant.

*Price Shofner* and *June P. Wooten,* for appellee.

Knox, J.   This litigation was commenced as a suit for separate maintenance, but was later converted to one for divorce.  By an interlocutory order, made on January 4, 1940, appellee was directed to pay appellant $62.50 per month in semi-monthly installments for the support of the two minor daughters of the parties.  By means of dilatory payments appellee met all installments to and including the one due May 15, 1940, which he discharged on June 5, 1940, and thereupon payments ceased.  Responding to a citation to show cause why he should not be held in contempt for his failure to obey the orders of the court, appellee on July 1, 1940, not only escaped punishment for past defaults, but obtained an order respecting future payments, which reads in part as follows: "...   the order heretofore entered requiring the defendant to make payments to the plaintiff for support of said children be suspended and the same is held in abeyance as of June 15, 1940, until such time as the defendant may secure employment, and that upon securing employment the defendant is directed and ordered to report to the court the amount which he is earning, to the end that the court may be in possession of information concerning defendant's ability to resume payments to the plaintiff for the support of said minor children."

From June through December, 1940, inclusive, appellee contributed only $15 toward the support of his children.  On October 30, he reported to the court that he had found employment, and soon thereafter the court entered an order directing him to pay $17.50 on the 5th and 20th of each month commencing January 5, 1941. Appellee tardily met seven of these installments, making

his last payment of $35 on May 20, 1941, to cover installments which had fallen due on March 20 and April 5.

Appellee testified that shortly thereafter he and a partner tried to work a small antimony mine in Pike county, with little or no success; that he then went to Tulsa, Oklahoma, and Fort Smith, Arkansas, on a fruitless search for employment; that for a few weeks he worked intermittently at Fort Leonard Wood as a carpenter, but earned nothing above expenses. Between July, 1941, and February, 1942, he was interested in the operation of a drink and food concession at a government war project near Hope, Arkansas, but appellee testified that his partner "pulled out and went west" with the money, and he obtained only experience from the venture. Appellee obtained a food and drink concession at the Ozark Ordnance Plant at El Dorado, Arkansas, where evidently his fortune took a decided turn for the better. Appellee opened an account with the First National Bank of that city by the deposit of the sum of $103.32, on July 11, 1942. From that date until the close of business for said bank on November 5, 1942, appellee deposited to that account in excess of $25,000, and during that time maintained therein an average daily balance of $2,086.08. Appellee admits that his gross receipts from sales during such period equalled $28,000.

On October 28, 1942, the court, on motion of appellant, entered judgment against appellee on account of past due and unpaid installments for $976.25. This sum included the full amount which would have accrued under the order of January 4, 1940, if the suspension order of July 1 had not been made. This presents a question here. Appellant contends that the order of July 1, 1940, merely stayed process for the enforcement of the payments as they accrued, but did not stop the accrual of the debt, while appellee contends that no amounts were chargeable against him while the order of July 1, 1940, was in effect.

Immediately upon obtaining the judgment of October 28, 1942, appellant caused a writ of garnishment to be issued thereon and served on the First National Bank

of El Dorado, Arkansas. At the close of business on the day before the service of the writ appellee had on deposit $2,930.39. The bank in answer to the writ of garnishment stated that it was withholding $976.25, the amount named in the writ, together with $100 to cover cost, and prayed that it be permitted to pay said sum into the registry of the court, and be discharged.

On November 10, 1942, appellee filed his motion to vacate the judgment of October 28, and prayed that the correct amount due by him be fixed and determined. On January 5, 1943, appellant amended her complaint so as to pray for divorce, and on that day the entire controversy was submitted to the court, and it decreed: (1) A divorce to appellant; (2) that garnishee be discharged upon payment of the sum of $1,076.36 into the registry of the court; (3) that appellant have judgment for $751.35, being balance due on accrued installments for support of children; said judgment to be paid out of funds paid in by garnishee (this sum did not include any allowance for the period during which the order of July 1 was effective); and (4) that in the future appellee be required to contribute $37.50 per month for the support of each of his minor daughters until such daughters become of legal age, or until further order of the court.

Appellant argues that the decree is erroneous in two particulars; (1) that the money judgment awarded her for the support of the children should have been $1,157.50 instead of $751.35; and (2) that appellee should have been required to contribute $50 per month instead of $37.50 for the support of each daughter.

Whether the effect of the order made by the chancellor on July 1, 1940, was to cancel, effective as of June 15, 1940, the original order of January 4, and all rights and liabilities under it, or merely to suspend the enforcement thereof is, we think, immaterial. Regardless of whether there was in force and effect a valid order of any court requiring appellee to support his two minor daughters he was under both moral and legal duty to do so. *Holt* v. *Holt,* 42 Ark. 495; *Jordan* v. *Wright,* 45 Ark. 237; *Smith* v. *Gilbert,* 80 Ark. 525, 98 S. W. 115, 8

L. R. A., N. S. 1098; *McDaniel* v. *Brandon & Baugh,* 168 Ark. 1063, 272 S. W. 670; *Warren* v. *Moore,* 162 Ark. 564, 258 S. W. 361; *Johnson* v. *Mitchell,* 164 Ark. 1, 260 S. W. 710; *Alcorn* v. *Alcorn,* 183 Ark. 342, 35 S. W. 2d 1027.

Reduced financial circumstances of the father may furnish excuse for his failure to provide support for his child, but the obligation is not necessarily thereby discharged. Under some circumstances he is liable to another who does supply the necessities to the child. In this case the evidence is undisputed that during the months from June to December, inclusive, of 1940, appellee contributed only $15 to the support of his two minor daughters, and that appellant, the mother, was thereby required to, and, with the assistance of her father, did, in fact, supply such need. We think it unnecessary to determine whether the facts presented by this record would have supported a verdict at law against appellee based on implied contract. The fact that the record contains no itemized statement of the moneys actually expended in this regard likewise presents no difficulty. The matter arose in a court of chancery in connection with the settlement of property rights in a final decree of divorce. Under the broad general principles of equity the chancellor, if he found that appellee was then financially able to do so, should have required appellee to pay to appellant such sums as would fairly reimburse her for the expenditures which she had made for the support of these minor children during all the time when appellee failed to make provision therefor— including the months during which he was not, as well as those during which he was, required by formal order of the court to provide such support.

What amount, then, should have been allowed for this seven-month period between June 1 and December 31? The original order allowed $62.50 per month, the second order allowed $35 per month. The reduction was made on account of inability of the father to pay and not because it was alleged or proven that the first sum was not required to properly support these minors. We have elected nevertheless to take the average between the two allowances, which is $48.75 per month. Deducting the $15

there would remain due for this seven-month period the sum of $326.25.

That appellee was on the date of the final decree financially able to make this reimbursement to appellant, in addition to paying the other sums required by such decree, is amply shown by the record. Admitting gross receipts of $28,000 within a period of four months, appellee naturally sought to minimize his net earnings. He did not furnish the court a complete and detailed statement of his financial condition, but elected to testify in a general way with respect thereto, supporting his testimony here and there by reference to some debt which he owed, some costs of doing business, and some percentages of profits returned from the sale of certain types of goods. His testimony served better to cloud than to clear the issue. He testified that he was required to pay the government five per cent. of his gross receipts for his concession; that salary and wages of his helpers amount to seven per cent. of his gross receipts, and that one-third of his gross receipts were from sale of cigarettes on which he merely broke even. Deducting $1,400 paid the government, $1,960 for help and $9,333.33 for cigarette sales, leaves remaining $15,307.67. If the cost of merchandise from which these sales were made had been as much as seventy-five per cent. of the retail price, still appellee would have derived a profit of $3,826.66.

The burden was on appellee to show that at the time of the decree he was not financially able to satisfy a reasonable charge for the support of his children during the time he failed to do so. Appellee failed to discharge this burden. We are of the opinion that the judgment awarded by the court to appellant against appellee on account of accrued support and maintenance of the children should have been $1,077.60 instead of the sum of $751.35 allowed by the court.

The chancellor directed appellee to contribute $37.50 per month for the support and maintenance of each of his two minor daughters. Appellant contends that this award should have been as much as $50 per month for each child. Evidence with respect to the amount re-

quired for the proper support and maintenance of these children is meager, and we cannot say that the findings of the chancellor in this regard are erroneous. If in the future it should develop that the amount allowed is insufficient the matter may again be presented to the chancellor.

The decree is reversed, and the cause remanded with directions that the judgment awarded appellant in "the sum of $751.35, accrued support and maintenance," be increased to the sum of $1,077.60, and that the clerk be directed to apply such proceeds from the writ of garnishment as remain in the registry of the court towards the satisfaction thereof. In all other respects the decree is affirmed.