PHILLIP T. WHITEAKER, Judge, concurring. I agree with the majority’s decision that appellant Reanna Rodgers failed significantly and without justifiable cause to provide for the care and support of her children, See Ark. Code Ann. § 9-9-207(a)(2) (Repl. 2015). I therefore concur with the majority in that respect and agree that this appeal can be affirmed. I disagree, however, with the notion ■ that Reanna failed, without justifiable cause, to communicate with her children. Instead, I believe that her failure to communicate was justifiable. Regarding Reanna’s failure to support her children, she testified at the adoption hearing that she understood, under Arkansas law, that she had a duty to provide support for her children, regardless of any child-support order. She acknowledged that she failed to do so prior to appellee Destiny Rodgers’s petition for adoption. She likewise conceded that, despité the fact that she had not been ordered to pay child support, the order did not forbid her from sending birthday cards or Christmas presents. She agreed that she was able to work, 114yet she did not do -so, and she did not ask her current husband for money that she could , have used to support her children. Arkansas law has long'held that, regardless of the existence of a court order of support, a parent has both a legal and moral duty to support her minor child. Fonken v. Fonken, 334 Ark. 637, 642, 976 S.W.2d 952, 955 (1998) (citing McCall v. McCall, 205 Ark. 1123, 1126, 172 S.W.2d 677, 678 (1943)); see also Bass v. Bass, 2011 Ark. App. 753, at 5, 387 S.W.3d 218, 222 (A parent has a legal and moral duty to support and educate her child and to provide the necessities of life even where the child has sufficient property to do so.) (citing Lee v. Lee, 95 Ark. App. 69, 233 S.W.3d 698 (2006)); McGee v. McGee, 100 Ark. App. 1, 6, 262 S.W.3d 622, 626 (2007) (Even in the absence of a court order requiring a parent to support his or her minor child, a parent continues to have a legal and moral duty to do so.). I therefore agree that Reanna had a duty to offer support -to her children, and by her own admissions, she failed to do so without justifiable cause. On that basis, I agree to affirm the circuit court’s decision. I cannot agree, however, that Reanna failed significantly, and without justifiable cause, to communicate with her children. A failure to communicate “without justifiable cause” .is "one that is ‘voluntary, willful, arbitrary, and without adequate excuse.’ ” Fox v. Nagle, 2011 Ark. App. 178, at 12-13, 381 S.W.3d 900, 907. To determine whether Reanna failed to communicate “without justifiable cause,” I believe it is important to examine the entirety of the court’s admonition to Reanna and Chris at the September 2013 hearing on Chris’s petition to modify the parties’ custody arrangement: The petition of Chris Rodgers is granted. There will be absolutely no— now, listen to me, I want to make sure that you understand this, Mr. Rodgers. It sounds to 11Kme like even though you had an order from the court saying what your visitation schedule was going to be, that you all decided on your own that you were going to change that. I want to make sure that you understand that you cannot do that anymore. You’ve asked the court now to make this decision and it’s the court’s decision what happens to your children. It does not have anything to do with your own decisions. Do you understand? So when I say that [Reanna] is not to have any visitation at all with these children, I mean that she is not to have any visitation at all with these children. So if I And out that you’ve sponsored that kind of visitation, then I’m going to hold you in contempt. Somebody has to take charge of the best interests of these children, and it doesn’t sound like it’s going to be you, Ms. Rodgers. And when you decide that your children are more important to you than methamphetamine, then you can certainly come back and you can ask the court to reverse this ruling and the court will certainly look at it. But until that day happens, then there’s not going to be even visitation with your children. (Emphasis added.) At the March 2015 hearing on Destiny’s adoption petition, Reanna testified that she understood the court’s September 2013 order to mean that she was to have no contact with her children from the date of that order. She further explained.that, in not communicating with her children, she believed, she was obeying the court’s orders to not see them. She said she was afraid that if she did try to see them, the court would take “further action” in taking her children away from her. Moreover, from a colloquy on cross-examination by Reanna’s counsel, it was apparent that Chris likewise understood this to, be the ease: Counsel: And was that also the order that ordered Ms. Rodgers [to] have no visitation with the children? ■ Chkis: Yes. [Judge] Hearnsberger ór-deréd no visitation. Counsel: Okay.' | iüChris: But that does not keep birthday cards from coming in or anything. Counsel: Well, did you think that Ms. Rodgers should have contact with your children if the court ordered her not to have any visitation with the children? Chris: Well, as soon as she had you as a lawyer, there’s nothing that can keep you from sending— Counsel: No, that’s a yes or no question, Mr. Rodgers. Do you think during all this period of time, when there was a court order that she not have any visitation, that she should have had contact with your children? Chris: As soon as she filed a clean drug test, then she could appeal for that. Counsel: Well, you’re, not answering the -■ question, Mr. .Rodgers. I’m asking, do you think that she should have had contact even though this court ordered her not to? Chkis: No, I don’t think she should have [had] contact. I thus cannot conclude that Reanna’s failure to communicate was without justifiable cause or an adequate excuse. She had been explicitly informed and ordered by the circuit court that she was to have no visitation with her children. The court went so far as to threaten Chris with contempt if he attempted to allow Reanna to see the children. In light of the court’s stern and explicit order that Reanna not have visitation with her children, I am at a loss to understand how Reanna was “without justifiable cause” in not contacting her children. I therefore cannot agree with this portion of the majority’s decision. Because I am able to agree with its conclusions regarding Reanna’s lack of support, however, I concur in the opinion.